IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUBA ADLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07 C 4203 |
| | ) |
| EVANSTON NORTHWESTERN | ) |
| HEALTHCARE CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Luba Adler sued Evanston Northwestern Healthcare Corporation (ENH) under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. A jury found in favor of ENH after a trial. ENH has submitted a bill of costs, seeking $16,395.27. For the reasons stated below, the Court awards ENH $6,744.75.

**Discussion**

**1.  Request to deny costs**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Rule 54(d) creates a "strong presumption" that the prevailing party will recover costs, and that presumption is difficult to overcome. *Mother and Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003).

Adler asks the Court to deny costs due to the claimed chilling effect on the prosecution of civil rights claims and the disparity in economic power between Adler

and ENH.

The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother and Father*, 338 F.3d at 708; *see also Rivera v. City of Chicago*, 469 F.3d 631, 634-35 (7th Cir. 2006). Adler not alleged any misconduct by ENH, nor does she offer any evidence that she is indigent. Rather, she merely contends that "given the massive disparity in economic power between the parties, the taxation of costs as sought by Defendant is unwarranted and unjust and should be denied in its entirety." Pl. Resp. at 1. This is insufficient to entitle the Court to deny costs to ENH.

Adler also contends that "taxation of costs against a civil rights plaintiff in a case that was sufficiently colorable . . . has a chilling effect upon the prosecution of civil rights claim." *Id.* The Seventh Circuit has rejected this argument:

> [F]ar from "chilling" prisoners' [civil rights] litigation, the rule that indigent prisoners . . . may be required to reimburse costs . . . serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike . . . Thus, even if McGill had timely demonstrated . . . that he was indigent, the court still would not have abused its discretion by awarding costs against McGill pursuant to Rule 54(d).

*McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994). In short, there is no basis permitting the Court to deny ENH's request for costs.

## 2. Costs requested

Under 28 U.S.C. § 1920, a prevailing party may recover "(1) fees of the clerk and

marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters." ENH seeks costs in six categories: (1) $85.00 for service of process fees; (2) $9,655.64 for court reporter fees relating to deposition transcripts, deposition services, and videographer services; (3) $5,598.85 for court reporter fees to obtain transcripts of the pretrial conference and the trial; (4) $802.00 for photocopying and faxing expenses; (5) $54.88 for messenger delivery fees; and (6) $198.90 for witness fees. The Court first determines whether the requested costs are allowable and, if so, whether they are reasonable and necessary. *Soler v. Waite,* 989 F.2d 251, 255 (7th Cir. 1993).

### a. Service of process

ENH seeks to recover $85.00 for the fees of serving Dr. Barry Atlas with a subpoena. Adler does not dispute that this was reasonably necessary. When taxed as costs, however, service fees may not exceed the fees of the Marshal's Service for serving process. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal charges $55 per hour for service of summons and subpoenas plus travel expenses. 28 C.F.R. § 0.114 (a)(3). The process server's invoice is for "rush" service, but ENH provides no justification explaining why this was needed. The Court thus reduces the requested amount to $55. *See Ridings v. Riverside Med. Ctr.*, No. 05-2134, 2007 WL 924020, at *1 (C.D. Ill. Mar. 26, 2007).

### b. Deposition-related expenses

ENH seeks $9,655.64 in court reporter and videographer fees for the depositions

3

of six individuals: Adler ($1,533.39), Jack Rosenberg ($334.25), Dr. Szanto ($466.68), Dr. Atlas ($494.02), Dr. Ruth Lupu (taken twice) ($3,894.20), and Bridget Sheridan ($1,108.25).

Deposition transcripts are recoverable only if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Adler does not challenge ENH's contention that obtaining the requested deposition transcripts was reasonably necessary.

Under Local Rule 54.1(b), however, "the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at that time." *See Fletcher v. Chicago Rail Link, LLC*, No. 06 C 842, 2007WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007); *Rogers v. City of Chicago,* No. 00 C 2227, 2002 WL 423723, at *3 (N.D. Ill. Mar.15, 2002). A "court reporter's 'appearance fee' may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed the page rate established by the Judicial Conference." *Id.* Charges for delivery, shipping, or handling transcripts are ordinary business expenses and not recoverable as costs. *Id.* at *2 (citing *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003)).

ENH's invoices indicate that the depositions were taken between June 2008 and September 2009. The applicable Judicial Conference Rate is $3.65 per page. *See www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.* The Court has reduced the fees for each deposition so that the total recoverable is the total number of transcript pages multiplied by $3.65. In some instances, the per-page rate was less

than $3.65, but in each of those instances the court reporter also charged an attendance fee, which is recoverable to the extent the Court has indicated. Some of the court reporters gave ENH's counsel a discount, but again, in each instance there are recoverable charges sufficient to bring the total up to $3.65 per page.

The totals recoverable for deposition transcripts are as follows:

> Jack Rosenberg (70 pages): $255.50
>
> Luba Adler (349 pages): $1,273.85
>
> Barry Atlas (105 pages): $383.25
>
> Dr. Szanto (107 pages): $390.55
>
> Dr. Lupu's second deposition (286 pages): $1,043.90
>
> TOTAL: $3,347.05

With regard to the deposition of Bridget Sheridan and Dr. Lupu's first deposition, ENH has provided no information on the number of pages or the rates charged. In addition, the transcript fees are lumped together with the charges for a condensed transcript and an ASCII file, which generally are non-recoverable expenses. *See Pruitt v. City of Chicago*, No. 03 C 2877, 2005 WL 2483355, at *2 (N.D. Ill. Oct. 5, 2005). Because ENH has not properly documented its request, it may not recover the fees associated with these depositions.

ENH also seeks to recover expenses totaling $2,539.50 in connection with the video-recorded second deposition of Dr. Lupu, consisting of fees for "videography" ($1,375.00), "DVD/MPEG encoding" ($503.00), and "video synching" ($661.50). Section 1920 authorizes taxing costs for both the video-recording and stenographic transcription of a deposition. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699,

702 (7th Cir. 2008). Videography fees have been awarded as costs in cases in which a significant non-party witness was expected to be unavailable at trial. *See Vito & Nick's, Inc. v. Barraco*, No. 05 C 2764, 2008 WL 4594347, at *3 (N.D. Ill. Oct. 10, 2008; *see also Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *11 (N.D. Ill. Apr. 8, 2008).

Adler argues that the video recording of Dr. Lupu's deposition does not qualify as reasonably necessary because substantial parts of her testimony were read at trial from the stenographic transcripts. ENH points out, however, that both parties agreed to video-record Dr. Lupu's second deposition for use at trial when it became clear that her health would preclude her from testifying in person. ENH also notes that Adler did not object to the video recording and that once it was completed, she designated portions of the video deposition for use at trial. In fact, several hours of Dr. Lupu's video deposition were presented to the jury at trial. Based on these factors, the Court concludes that requested fees were reasonably necessary. *See Fairley*, 2008 WL 961592, at *11. Because Adler does not challenge the reasonableness of the amount of the fees requested, ENH is entitled to recover $2,524, the amount requested less the shipping and handling fee.

When this amount is added to the $3,347.05 recoverable for deposition transcripts, the total recoverable in this category is $5,871.05.

### c. Transcripts of pretrial conference and trial

ENH seeks to recover court reporter fees totaling $5,597.85 for transcripts of the pretrial conference held on September 22, 2009 ($333.50 - 46 pages at $7.25) and the

6

trial ($4,516.75 - 623 pages at $7.25, and $747.60 for a copy at $1.20 per page).

Expenses for obtaining transcripts obtained for the convenience of the requesting attorney, rather than as a matter of reasonable necessity, are not taxable as costs. *See, e.g., Marcus & Millichap Real Estate Inv. Servs. Inc. v. Sekulovski*, No. 07 C 5369, 2010 WL 145785, at *9 (N.D. Ill. Jan. 12, 2010). ENH argues that the transcript of the pretrial conference was used to prepare for trial and that the transcript of the trial was used to prepare during trial, determine what evidence had been introduced, prepare ENH's motion for judgment as a matter of law, and anticipate any post-trial motions or appeals.

The Court is unpersuaded. The trial was relatively short (six days), the issues were not complicated, and ENH had two lawyers present, with at least one taking notes at all times. ENH has failed to show that the transcripts were necessary, as opposed to convenient. The Court therefore declines to award these expenses as taxable costs.

### d. Photocopying charges

ENH seeks to recover $739.20 in photocopying fees, at the rate of $.20 per page. For electronically filed documents, ENH seeks to recover the cost of two paper copies: the chambers copy for the Court required by the Local Rules, and a copy for defense counsel. For mailed documents, ENH seeks to recover the cost of two copies: one for Adler and one for itself.

Local Rule 54.1(b) allows a party to seek reimbursement for up to three copies of documents filed with the Court: an original, a copy for counsel, and a copy for the Court. Copying expenses incurred for attorney convenience are not recoverable. *See*

7

*Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). The party seeking such costs is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

ENH's itemization is sufficient and reasonably supported, with two exceptions. First, ENH may recover only for four of the six requested copies of its trial exhibits: one for the Court; one for the witness and jury; one for defense counsel; and one for plaintiff's counsel. It has failed to support the proposition that the extra copies for each side's counsel were matters of reasonable necessity, not convenience  Second, for the same reason, ENH may recover for only one set, not two, of the documents it produced in discovery.

This results in elimination of 914 pages from ENH's request. At $0.20 per page (a reasonable rate), the reduction is $182.20, bringing the total recoverable for photocopying to $619.80.

e. **Facsimile transmission and messenger expenses**

ENH may not recover $62.80 in facsimile transmission expenses. These are not charges for exemplification or copying of documents; rather, they are the equivalent of delivery charges. They are not recoverable as costs. *Freedom Mtg. Corp. v. Burnham Mtg., Inc.*, No. 03 C 6508, 2008 WL 4534162, at *2 (N.D. Ill. Oct. 3, 2008).

Similarly, ENH may not recover $54.88 for messenger fees. These are likewise not covered by section 1920.

8

### f. Witness fees

ENH seeks $198.90 in witness fees for Dr. Atlas ($45.85); Dr. Szanto ($46.30); Mr. Rosenberg ($46.75); and Jill Demma ($60.00). Section 1920(3) authorizes the taxing of attendance fees for witnesses when their deposition transcripts are used in support of a motion or when they are subpoenaed to testify at trial. Witnesses are entitled to a $40.00 fee per day, plus the costs of any related mileage and subsistence expenses pursuant to 28 U.S.C. § 1821(d) and § 1920(3). Section 1821(d) limits the maximum per diem allowance for subsistence including food and lodging to that prescribed for the locality by the Administrator of General Services.

ENH contends that witness fees for the depositions (including mileage) of Dr. Atlas, Dr. Szanto, and Mr. Rosenberg were necessary. ENH's summary judgment papers included testimony from these witnesses' depositions; Adler's witness list identified each of them; and each testified at trial. ENH also contends that the witness fees (including mileage and subsistence costs) for Jill Demma were reasonably necessary. Ms. Demma also testified at trial.

Adler does not dispute ENH's contentions. The Court finds that the requested witness fees and associated mileage and other fees were reasonably necessary. The Court awards the full $198.90 requested.

### Conclusion

For the reasons stated above, the Court taxes costs in favor of defendant and against plaintiff in the amount of $6,744.75, consisting of: $55.00 for service of process; $5,871.05 for court reporter and related expenses; $619.80 for photocopying;

and $198.90 for witness fees.

_____
    MATTHEW F. KENNELLY
    United States District Judge

Date: April 27, 2010